IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERALD EUGENE BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-562-JTA |
| | ) | [WO] |
| WARDEN HENLINE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**[1]

Plaintiff, a prison inmate, filed this complaint on August 4, 2020. On August 17, 2020, the court directed Defendant to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendant submitted an answer and written report which contained relevant evidentiary materials refuting the allegations in the complaint. Doc. 13. Upon review of this report, the court issued an order directing Plaintiff to file a response to Defendant's answer and written report. Doc. 16. The order advised Plaintiff that his failure to respond to the report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 1. The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

---

[1] The parties in this case have consented to the exercise of jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c) for all proceedings. Specifically, the parties executed a written consent form which reads, in relevant part, that in accordance with the provisions of § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case "consent to have a United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of a final judgment, and post-judgment proceedings." Doc. 12.

The time allotted Plaintiff for filing a response in compliance with the directives of the court's December 3, 2020, order, expired on December 24, 2020. As of the present date, Plaintiff has failed to file a response in opposition to Defendant's written report. The court, therefore, concludes this case should be dismissed.

The court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate. After such review, dismissal is the proper course of action. Plaintiff is an indigent individual. The imposition of monetary or other punitive sanctions against him would be ineffectual. Plaintiff's inaction in the face of Defendant's report and evidentiary materials refuting the claims raised suggests he does not seek to proceed with this case. It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims, his failure to comply with the orders of this court, and his failure to properly prosecute this cause of action warrant dismissal of this case. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the foregoing reasons, the undersigned concludes this case shall be dismissed without prejudice.

A Final Judgment will be entered separately.

DONE this 19th day of January, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE